IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

VICTOR LYNN DIBBLES           §
                              §
          Petitioner,         §
                              §
VS.                           §
                              §          NO. 3-06-CV-0530-G
DOUGLAS DRETKE, Director       §
Texas Department of Criminal Justice,  §
Correctional Institutions Division     §
                              §
          Respondent.         §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Victor Lynn Dibbles, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

Petitioner was twice paroled from prison after serving part of a 25-year sentence for possession of a controlled substance. Both times his parole was revoked for unspecified violations. By this action, petitioner seeks credit on his sentence for the time he spent on parole.

On April 17, 2006, the court sent a *Spears*[1] questionnaire to petitioner in order to determine whether this claim was raised in state court. Petitioner answered the questionnaire on April 24, 2006. The court now determines that this case should be dismissed without prejudice for failure to exhaust state remedies.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

Petitioner has never raised his sentence credit claim in an application for state post-conviction relief or other state proceeding. (*Spears* Quest. #1). As a result, the Texas Court of Criminal Appeals has never had an opportunity to consider this claim. Because petitioner has failed to exhaust his state remedies, this case must be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  April 27, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE